IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:CR-17-298 |
| v. | ) | NO. 3:CR-17-299 |
| | ) | |
| JOSE LUIS GONZALEZ, SR., | ) | (MARIANI, J.) |
| | ) | |
| Defendant. | ) | **[FILED VIA ECF]** |

## DEFENDANT'S BRIEF IN SUPPORT OF PRE-TRIAL MOTIONS

The Defendant, Jose Luis Gonzalez, Sr., by and through his counsel, Patrick J. Best, Esquire, hereby submits the following Brief in Support of his Pretrial Motions.

## I. STATEMENT OF CASE.

On October 3, 2017, Defendant was charged in an Indictment with distribution and possession with intent to distribute a Schedule I controlled substance, marijuana.

Defendant Gonzalez has filed the following Pre-Trial Motions: (1) Motion to Compel Disclosure of Confidential Informants; (2) Motion for Full Discovery Under Rule 16; (3) Motion for Pre-Trial Hearing to Determine the Existence of a Conspiracy; (4) Motion for Production of Grand Jury Transcripts; (5) Motion for Disclosure of Information Under Rules 404(b) and 609; (6) Motion for Disclosure of Information Under Rule 807; (7)

Motion for Bill of Particulars; and (8) Motion for Government's Expert Information.

This Brief is submitted in support of the Defendant's Pretrial Motions.

## II. LAW AND ARGUMENT

### A. MOTION TO DISCLOSE CONFIDENTIAL INFORMANTS

The Defendant submits that he is entitled to the disclosure of information pertaining to any and all confidential informants in this case.

In <u>Rovario v. United States</u>, 353 U. S. 53 (1957), the Supreme Court acknowledged the public interest in protecting the identity of the confidential informants in order to encourage the free flow of information apparently necessary in criminal prosecutions. However, the Court expressly limited the scope of this privilege, and reasoned that the interest in the anonymity of the informants must yield when disclosure "is essential to the fair determination of a cause." <u>Id</u>. at 61.

The <u>Rovario</u> court stated that while there was no fixed rule with respect to disclosure of a confidential informant, four considerations were relevant:

(1) the crime charged;

(2) the possible defenses;

(3) the possible significance of the informant's testimony; and

(4) other relevant factors.

The "relevant and helpful" language of <u>Rovario</u> requires disclosure of the identity of the informant when he was a percipient witness or has background knowledge of the actors in the alleged offense. <u>United States v. Bonilla</u>, 615 F. 2d 1262 (9th Cir. 1980). Additionally, Courts have required disclosure of a tipster's identity when the disclosure is vital to preserving a fair trial. <u>United States v. Lewis</u>, 40 F.3d 1325, 1335 (1st Cir. 1994).

Furthermore, where an informant's testimony is essential to a fair determination, the Government may be required to disclose his identity and address. <u>United States v. Anderson</u>, 509 F.2d 724 (9th Cir. 1974) (within Court's discretion to compel disclosure of a confidential informant even when use of the informant goes only to probable cause).

Any government assertion that there is some unspecified danger to the informant is insufficient to justify withholding the information concerning his/her whereabouts. As the Courts have made clear, the decision concerning potential "danger" must be made only after an evidentiary hearing. The identity and whereabouts of the informant is essential to the preparation of the Defendant's defense. The Defendant requires the opportunity to test the informant's credibility, ascertain his general relationship to the Defendant and others charged with crimes, discover the entire scope of his meetings, conversations and contacts with the principals

herein, and to investigate the informant's allegations.

In the present case, the Defendant submits that the Government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informant. The Defendant specifically requests that the informant be produced. The Government has the duty to produce the informant or to show that, despite reasonable efforts, it was not able to do so. United States v. Hart, 546 F.2d 798, 799 (9th Cir. 1976) (*en banc*). Discovery and investigation in the present case has revealed that there are potentially multiple confidential informants involved. These unknown/informants/witnesses are expected to testify or to provide information that may be introduced at trial to the issues of substantive guilt or be attributed to the Defendant for sentencing purposes. The Defendant asserts that these informants/witnesses possess information critical to the defense in this matter and that they may possess prior criminal records that may be used at trial for impeachment purposes.

Additionally, the disclosure of an informant's identity and whereabouts is essential to discovery of exculpatory information. Brady v. Maryland, 373 U. S. 83 (1963). It is also critical to the Defendant's Constitutional right to present a defense. Washington v. Texas, 388 U. S. 14 (1967).

In <u>Rovario</u>, the Supreme Court acknowledged the need for defense counsel to interview the witness. <u>Rovario</u>, 353 U. S. at 64 ("[t]he desirability of, ... at least interviewing [the confidential informant] in preparation for trial, [is] a matter for the accused rather than the government to decide"). Likewise, in other contexts the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake. <u>See</u> <u>Davis v. Alaska</u>, 415 U. S. 308 (1974) (accused is entitled to cross-examine prosecution witness regarding his juvenile probationary status notwithstanding the interest in confidentiality of juvenile adjudications).

The information sought, in addition to the informant's identity, relates directly to the credibility of the informant and his/her bias and is therefore relevant to impeaching the informant and providing the defense with exculpatory information. the Defendant has a constitutional right to explore the informant's bias and credibility on cross-examination. <u>Giglio v. United States</u>, 405 U. S. 150 (1972); <u>Giles v. Maryland</u>, 386 U. S. 66 (1967); and <u>Napue v. Illinois</u>, 360 U. S. 264 (1959) (denial of due process occurred where prosecutor failed to correct prosecution witness who testified perjuriously that he had received no promise of consideration in exchange for his testimony). <u>See also</u> <u>Villaromen v. United</u>,184 F 2d. 261, 262 (D.C. Cir 1050) ("Bias of a witness is always relevant"). The Courts have

recognized that:

> By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent,  from manufacturing evidence against those under the suspicion of  crime, and from lying under oath in the courtroom…Because the  government decides whether and when to use such witnesses, and what, if anything, to give them for their service, the government stands uniquely positioned to guard against perfidy….Accordingly, we expect prosecutors and investigations to take all reasonable measures to safeguard the system against treachery. This responsibility includes the duty as required by Giglio to turn over to the defense in discovery all material information casting a shadow on a government witnesses' credibility.

United States v. Bernal-Obeso, 989 F.2d 331, 333-34 (9th Cir. 1993).

Moreover, the defense's entitlement to the requested information is supported by the case law. See e.g. Giglio v. United States, supra. (entitlement to promises the informant has received in consideration for his/her testimony); Giordano v. Unites States, 394 U. S. 310 (1969) (informant's prior testimony while acting as an informant); United States v. Fowler, 465 F. 2d 664 (D.C. Cir. 1972) (promises received for consideration); United States v. Lindstrom, 698 F. 2d 1154 (11th Cir. 1983) (psychiatric history); Williams v. Griswold, 743 F.2d 1533 (11th Cir. 1984) (criminal history); United States v. Auten, 632 F. 2d 478 (5th Cir. 1980) (same). The inherent unreliability of the testimony of accomplices or government informants underscores the need for complete disclosure of

information relating to their credibility. See United States v. Caldwell, 466 F.2d 611 (9th Cir. 1972).

Accordingly, the Defendant respectfully requests that the Court Order the Government to produce as soon as practical any and all information pertaining to informants in this matter.

### B. MOTION FOR FULL DISCOVERY UNDER RULE 16.

The Defendant submits that, under the express language of Federal Rule of Criminal Procedure 16 he is entitled to discovery, inspection and disclosure of certain enumerated evidence. The Defendant has specifically requested all of the information to which he is entitled under Rule 16.

Rule 16 of the Federal Rules of Criminal Procedure provides that upon request, the defendant is entitled to the following:

1. Statement of the defendant;

2. Defendant's prior record;

3. Documents and tangible objects, including books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at the trial, or were obtained from or belonged to the defendant;

4. Reports of examinations and tests, including physical or mental examinations and scientific tests or experiments;

5. Expert witnesses that the Government intends to use in its case-in-chief at trial.

It is the position of the Defendant that to the extent that the Government is in possession of documents and objects responsive to the Rule 16 requests, the Government is under a continuing duty to disclose such information to the Defendant. It is believed the Government may be "in possession" of documents and objects responsive to Rule 16 where various agencies who participated in and cooperated in the investigation and who undoubtedly will participate in and cooperate in the prosecution and trial of this matter are known to and in fact have operated as agents of the Government, such as the DEA, FBI, ATF, and the Pennsylvania State Police, and including any other police departments. United States v. Perdomo, 929 F.2d 967 (3rd Cir. 1991).

It is further the position of the Defendant that "statements of the defendant" are not limited to statements knowingly made to agents of the Government. Statements of the Defendant include the following: (1) videotapes Murphy v. FBI, 490 F.Supp. 1138 (D.C. 1980) and tape recordings United States v. Isa, 413 F.2d 244 (7th Cir. 1969); United States v. Crisona, 416 F. 2d 107 (2nd Cir. 1969), cert. denied, 379 U. S. 961, 90

S.Ct. 991, 25 L.Ed. 253, and includes tape recordings of things said before arrest or even before the commission of the crime. United States v. Haldeman, 559 F.2d 31, 181 U. S. App. D. C. 254 (C. A. 1976); and (2) the Defendant is entitled to written statements regardless of the circumstances in which they were written United States v. Caldwell, 543 F. 2d 1333, 178 U. S. App. D. C. 20 (C. A. 1975), cert. denied, 423 U. S. 1087. It is important to reiterate, that statements discovered by means of electronic surveillance are within the scope of rule 16. See United States v. Laoue, 71 F.3d 966, 973 (1st Cir. 1995).

Federal Rule of Criminal Procedure 16's requirement that the statements of the defendant be disclosed has been held to include statements made by co-conspirators during the course of an in furtherance of the conspiracy, and such statements are discoverable as statements of the defendant. United States v. Themis, 84 F.R.D. 47 (D.C.Ga. 1979); United States v. Agnello, 367 F.Supp. 444 (D.C. N. Y. 1973). It has been held that memoranda of an interview of the defendant by an Assistant United States Attorney, even though not verbatim and not signed by the defendant, are producible under Rule 16. United Sates v. Hasiwar, 299 F.Supp. 1053 (D. C. N. Y. 1969); United States v. Garrett, 305 F. Supp. 267 (D. C. N. Y. 1969).

Accordingly, the Defendant is entitled to the DEA-6's, FBI-302's, Pennsylvania State Police Reports, local or regional police agencies, and any other written statements or summaries of statements of alleged co-conspirators by the Assistant United States Attorney's office.

It has been held that due diligence under Rule 16 requires that the Government search other files and other police investigations of the defendant that are in the possession and control of the Government. <u>United States v. Jensen</u>, 608 F.2d 1349 (10th Cir. 1979); <u>United States v. Bryant</u>, 439 F.2d 642, 142 U. S. App. D. C. 132 (C.A. 1971). "Possession and control of files and documents of other agencies" has been held to include the files and documents of agencies of which the Government has knowledge and access or with whom the Government has conducted a joint investigation of the Defendant. <u>See</u> <u>Banks v. Dretke</u>, 124 S.Ct. 1256 (2004); <u>United States v. Santiago</u>, 46 F.3d 885, <u>cert. denied</u>, 115 S.Ct. 2617, 132 L.Ed.2d 860 (9th Cir. 1995); <u>United States v. Upton</u>, 856 F.Supp. 727 (E.D.N.Y. 1994).

Therefore, it is the position of Defendant that he is entitled to statements made by him or by his alleged co-conspirators (both indicted and un-indicted) to other agencies, including other federal state and local police departments and agencies, and the United States Probation Office, of whom the Government has knowledge and to whose records that

Government has access.

Accordingly, the Defendant respectfully requests that this Honorable Court issue an Order granting the Defendant's discovery request regarding all items outlined in the Defendant's Brief and Motion

## C. MOTION FOR PRE-TRIAL HEARING TO DETERMINE THE EXISTENCE OF A CONSPIRACY.

Under Federal Rule of Evidence 104, the determination of the admissibility of a co-conspirators' declarations must be made preliminarily. That preliminary determination requires that the Government prove by a preponderance of the evidence: (a) that there was a conspiracy involving the defendant and the declarant; and (b) that the statements were made in furtherance of that conspiracy. Bourjaily v. United States, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

A pre-trial evidentiary hearing is the preferred method in that if a particular defendant is not determined to be a member of the conspiracy, then the statement would appear to be hearsay and would also violate a defendant's sixth Amendment confrontation rights. See Crawford v. Washington, 541 U. S. 36 (2004). This is particularly so if the statement is in the nature of a confession. See Bruton v. United States, 391 U. S. 123 (1968).

In <u>Bourjaily</u>, although the Supreme Court made it clear that, in making a pre-trial determination under Rule 104, the trial court could consider the hearsay statements, the Supreme Court explicitly refused to decide whether the hearsay statements standing alone could form a basis for a determination of admissibility and what order of proof should be used in analyzing the question of admissibility. 97 L.Ed.2d at 156, 153 n.1. In light of <u>Bourjaily</u>, this Court must still find some independent evidence of admissibility prior to allowing a coconspirator's declarations to be submitted to a jury. Although a pre-trial determination of admissibility is not mandatory, clearly it is the preferred method. <u>United States v. Ammar</u>, 714 F.2d 238 (3d Cir. 1983). Thus, a reviewing court must take into consideration three (3) separate, but relevant, factors when making this determination.

## 1. Definition of Conspiracy.

As the Third Circuit has indicated, the government must do more than say a conspiracy exists in order for a particular statement to become a co-conspirator's statement. <u>See</u> <u>United States v. Holland</u>, 76 Fed.Appx. 452 (3d Cir. 2003) (non-precedential). The government must first show that there is a conspiracy. The danger in this case comes from the probability that the Government may be able to show a conspiracy, but that the conspiracy proven by the Government may not encompass all of the co-

defendants in the case. In such a case, the alleged co-conspirator's statement would be admissible against some defendants, but inadmissible against others.

The elements of the crime of conspiracy are as follows: (1) a unity of purpose between the alleged co-conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that goal. See United States v. Pressler, 256 F.3d 144, 149 (3d Cir. 2001); United States v. Gibbs, 190 F. 3d 188, 197 (3d Cir. 1999). In Pressler, an appellant tested the legal sufficiency of evidence to attack his conspiracy conviction. the Third Circuit found that two drug dealers who sold drugs in the same area were not co-conspirators because there was no evidence that the two "had agreed to a common endeavor." Pressler, 256 F. 3d at 156. Thus, the crux of a conspiracy is an agreement to engage in a common endeavor.

## 2. Admissibility of Co-Conspirator's Statements.

Federal Rule of Evidence 801 (d)(2)(E) requires that in order for a co-conspirator's statement to be admissible, it must be made during the course of, and in furtherance of a conspiracy. See Glasser v. United States, 315 U. S. 60 (1942); Fed. R. Evid. 104(a) ("Preliminary questions concerning the …admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)."). Due to the complexity of some conspiracies, it may be difficult, if not impossible, for the Government

to establish the existence of the conspiracy and the participation of the co-conspirators before seeking admission of a coconspirator's statements. See United States v. Gambino. 926 F.2d 1355, 1360 (3rd Cir. 1991); United States v. Continental Group, Inc. 603 F.2d 444, 457 (3rd Cir. 1979). In these instances, the co-conspirator's statements can be conditionally admitted into evidence, provided the government establishes the existence of the conspiracy and each co-conspirator's participation therein before it closes its case. See, e.g. Gambino, 926 F.2d at 360-61.

The difficulty with conditionally admitting a co-conspirator's statement subject to a later connection is that, at the close of the evidence, the court may determine the prosecution failed to meet its burden of proof and one or more defendant could claim to have been prejudiced. Furthermore, it is certainly likely that certain statements may be admissible against a co-defendant if the government can show that all the defendants shared a common endeavor. The fact that a statement may be admissible against a single defendant does not ipso facto render it admissible against all co-defendants.

### 3. The Sixth Amendment.

It has long been the rule that the Sixth Amendment right to confront witnesses bars the admissibility of the admission or confession of one co-defendant against another, even though these statements are admissible

against a confessing party. <u>Bruton v. United States</u>, 391 U. S. 123 (1968). This is so even of the confession has been redacted, but a jury could see through the redaction. <u>See</u> <u>Grove v. Maryland</u>, 523 U S. 185 (1998). The United States Supreme Court has gone a step further finding that the Sixth Amendment supersedes the admissibility of even reliable hearsay evidence. <u>See</u> <u>Crawford v. Washington</u>, 541 U. S. at 36. The Supreme Court explained that "[testimonial statements of witnesses absent from trial have been admitted only where the defendant is unavailable, and only where the defendant has had a proper opportunity to cross-examine." <u>Id</u>. at 59; <u>see also</u> <u>Lilly v. Virginia</u>, 527 U. S. 116 (1999) (plurality opinion) (accomplice statement that incriminates a criminal defendant are not a firmly rooted exception to the hearsay rule.).

In this case, even if this Court should refuse to grant a full evidentiary hearing on the admissibility of a co-conspirator's statements, at the very least, the Court should require the Government to make a pre-trial offer of the evidence it intends to present to establish the existence of the conspiracy involving the Defendant and the declarant and that the declarations were made in furtherance of that conspiracy. <u>United States v. Santiago</u>, 582 F.2d 1128 (7th Cir. 1978); <u>United States v. Van Daal Wyk</u>, 840 F. 2d 494, 496 (7th Cir. 1988). This will, at a minimum, possibly eliminate any Sixth Amendment concerns as well as force the Government

to meet it preliminary burden.

Accordingly, the Defendant respectfully requests this Honorable Court to hold a hearing to determine the existence of a conspiracy and the admissibility of any alleged co-conspirator's statements. In the alternative, the Defendant respectfully requests that this Honorable Court, at the very least, require the Government to make a pre-trial offer of the evidence it intends to present to establish the existence of a conspiracy and the admissibility of any and all coconspirator's statements.

### D. MOTION TO DISCLOSE GRAND JURY TRANSCRIPTS.

The Defendant submits that he is entitled to the disclosure of Grand Jury Transcripts in the said transcripts are necessary to effectively prepare his defense in this matter.

It is believed that a number of individuals, both charged and uncharged, have appeared before the Federal Grand Jury, including numerous individuals who have not been indicted with the Defendant. Several of the witnesses who have testified before the Grand Jury are percipient witnesses of the acts and events that underlie the Indictment and the charges against the Defendant and against which he must defend at trial.

In order to effectively cross examine the witnesses against him, both those who appear at trial and those who do not, the Defendant requests production of transcripts of the testimony of these individuals before the Federal Grand Jury. Pittsburgh Plate Glass Co. v United States, 360 U. S. 395, 400 (1959); United States v. Perez, 67 F.3d 1371 (9th Cir. 1995) (both holding that production of transcripts proper for purposes of cross-examination).

Accordingly, the Defendant respectfully requests that this Honorable Court issue an Order compelling the Government to disclose Grand Jury Transcripts.

### E. MOTION TO PROVIDE RULE 404 (b) and 609 INFORMATION.

The Defendant submits that, under the express dictates of Rule 404(b) and Rule 609, he is entitled to receive from the Government pre-trial notice of any other crimes, wrongs, or acts that the Government intends to introduce at trial.

Rule 404(b) specifically provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.; however, Rule 404(b)(2) establishes that the evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

accident. The Rule goes on to state that on request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

Thus, Rule 404(b)(2) clearly and explicitly proscribes a pretrial notice requirement in criminal cases which is intended to reduce surprise and promote early resolution on the issue of admissibility. This Court should not allow the government to circumvent the clear mandate and objective of the notice requirements of Fed. R. Evid. 404(b) by suggesting that the uncharged acts are overt acts in furtherance of the conspiracy rather than prior bad acts admissible under an exception to Fed. R. Evid. 404(b). To the extent that the government suggests this alternative route of admissibility, then it should provide a bill of particulars with regard to all uncharged overt acts that it plans on introducing at trial. See United States v. Hubbard, 474 F. Supp. 64, 81 (D.D.C. 1979) (Ordering the government to provide a list of all unindicted co-conspirators and all overt acts in furtherance of the conspiracy but not names in the indictment): See also United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979) (Ordering bill of particulars with regard to overt acts). No matter what the government calls these uncharged bad acts, it is clear that the defense

should have specific notice sufficient to permit defendants' counsel to investigate the allegations and to prepare a defense to them. The notice requirement of Rule 404(b)(2) and the courts' reasoning in <u>Jubbard</u> and <u>Mannino</u> require nothing less.

Accordingly, given the language of Rule 404(b)(2), and the policies advanced by early notification of the Government's intent to use other crimes evidence, particularly where a trial is to be scheduled shortly, the Defendant respectfully requests that his motion be granted.

Furthermore, Rule 609(b)(2) of the Federal Rules of Evidence requires that when using evidence attacking a witness's character for truthfulness by evidence of a criminal conviction, the proponent give an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Accordingly, given the express requirement of Rule 609(b) and the policies advanced by early notification of the Government's intent to use evidence of conviction of a crime of either a witness or of the Defendant, the Defendant respectfully requests that his instant motion be granted.

## F. MOTION FOR NOTICE OF THE GOVERNMENT'S INTENTION TO USE HEARSAY STATEMENTS UNDER RULE 807.

The Defendant submits that he is entitled to receive notice from the Government of the Government's intention to use hearsay statements under Rule 807.

Federal Rule of Evidence 807 entitled the residual exception provides that statements admitted using the residual exception are admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

In the present case, the Defendant submits that, under the express dictates of the Rule 807, he is entitled to notice from the Government of the Government's intention to use at trial any hearsay statements as an exception to the hearsay rule under Federal Rule of Evidence 807. Furthermore, to the extent the Government intends to use any such statements, the Defendant requests that the Government's notice set forth the particulars of any such statements and the name and last known address of declarant. It is questionable, after Crawford v. Washington, 24 S.Ct. 1354 (2004), whether any statement is admissible under Rule 807, at least to the extent that such a statement is "testimonial." Assuming that

there are statements arguably admissible under Rule 807 and under Crawford. the express requirement of Rule 807 is that the statement, in order to be admitted, must be known to the adverse party in advance of trial. The express requirement of Rule 807 and the policies advanced by early notification of the Government's intent to use hearsay evidence, Defendant respectfully requests his instant Motion be granted.

Accordingly, for the reasons set forth hereinabove, the Defendant respectfully requests that the government provide notice of the government's intention to use at trial any hearsay statements as an exception to the hearsay rule under the Federal Rule of Evidence 807 and the particulars listed above.

### G. MOTION FOR BILL OF PARTICULARS

The Defendant submits that pursuant to Federal Rule of Criminal Procedure 7(f) he is entitled to the particulars listed in her Request of Bill of Particulars. Federal Rule of Criminal Procedure 7(f) states, in material part, that "[the court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 day after arraignment or at a later time if the court permits…." Fed.R.Crim.P. 7(f).

Furthermore, Federal Rule of Criminal Procedure 7(c)(1) provides that "an indictment…must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…"

Fed.R.Crim.P. 7(c)(1). An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the alleged charge so that he may prepare a defense. United States v. Urban, 404 F.3d 754 (3rd Cir. 2005).

An indictment should also contain the facts and elements of the alleged offense necessary to inform the accused of any potential Double Jeopardy Clause applicability. United States v. Stansfield, 171 F.3d 806 (3rd Cir. 1999).

A Motion for Bill of Particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial. United States v. Rosa, 891 F.2d 1063 (3rd Cir. 1989). See also United States v. Addonizio, 451 F.2d 49 (3rd Cir. 1971); United States v. MacFarlane, 759 F. Supp. 1163 (W.D. Pa. 1991) (identity of un-indicted coconspirators).

The decision to grant or deny a Bill of Particulars is within the sound discretion of the Trial Court. United States v. Ruiz, 702 F.Supp. 1066 (S.D. N. Y. 1989). However, where the Government supplements an apparently indefinite or vague indictment with pre-trial discovery sufficient to conduct a defense, a motion for a bill of particulars has been denied. United States v. Urban, 404 F.3d at 772. It should be noted that as of the filing of the within

"Brief," the Government has failed to provide meaningful discovery.

Additionally, a Motion for a Bill of Particulars may be granted insofar as it seeks a list of un-indicted co-conspirators, at least when that information is not otherwise known to the defendant. See United States v. Williams, 113 F.R.D. 117 (M.D. Fla. 1986). In this case, it can hardly be argued that the Defendant has any idea of the particulars regarding either the indicted co-conspirator in the Indictment or her un-indicted co-conspirators. The Government must identify undisclosed and unidentified co-conspirators, aiders and abettors, and other individuals involved in the criminal acts charged, especially where the Government plans to call such persons as witnesses, and the Bill of Particulars in regard thereto is proper. United States v. Rogers, 617 F.Supp. 1024 (D.C. Colo. 1985). A Bill of Particulars may require the Government to disclose to the defendant charged with conspiracy the names of person the Government will claim to have been coconspirators to the extent such persons are known to the Government; location of acts performed by principals which are set forth in the count; and the place where the principle offense charged allegedly occurred. See United States v. White, 753 F. Supp. 432 (D.Conn. 1990). Where several Counts in the Indictment are specific as to persons or places and contain words such as "and elsewhere", as in the case, the defendant is entitled to specifics in response to a Motion for Bill of

Particulars. See United States v. Castellano, 610 F.Supp. 1359 (D.C.N.Y. 1985).

In the present case, the allegations in the Indictment are not sufficiently specific as to time, place, and individuals involved to allow the Defendant to prepare his defense and to afford him the opportunity of a fair trial. Thus, the Defendant's only remedy where an indictment does not provide enough information to enable him to prepare a defense is to seek a Bill of Particulars. Accordingly, the Defendant respectfully requests that this Honorable Court issue an Order compelling the Government to provide the Defendant with the requested particulars in that said particulars will allow him to adequately prepare for trial amidst the expansive allegations in the Indictment.

### H. MOTION FOR GOVERNMENT'S EXPERT INFORMATION.

The Defendant submits that he is entitled to disclosure of expert information pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(G) and Federal Rules of Evidence 702, 703, and 705.

Federal Rule of Criminal Procedure 16(a)(1)(G) expressly provides that upon request the Government must disclose expert witnesses that the Government intends to use in its case-in-chief at trial. Fed.R.Crim.P. 16(a)(1)(G). This includes a written summary if testimony, witnesses' opinions, the basis and reasons for those opinions, and the witnesses

qualifications. To date, the Government has indicated nothing whatsoever concerning any expert witnesses that it intends to call at trial, nor have Curricula Vitae, summaries of opinions, or any other information been provided, so as to enable the Defendant to fully investigate and prepare for the cross-examination and confrontation of these individuals at trial.

It is the position of the Defendant that the Rule 16 requirement of disclosure of scientific tests and of expert reports includes pre-trial disclosure upon demand of the complete credentials, including disciplinary actions and suspensions, as to any intended expert, as well as all training manuals, written protocols, or other procedures followed by or with which the expert's opinions, tests and inspections comport or follow, and it includes pre-trial disclosure upon demand of the extrapolations and/or calculations by means of mathematical equation or otherwise as well as the report and credentials of each such expert.

Accordingly, the Defendant respectfully requests that this Honorable Court issue an Order requiring the Government to provide a written summary of testimony that the Government intends to use in its case-in-chief. This summary should include all witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

## III. CONCLUSION.

For the foregoing reasons, the Defendant, Jose Luis Gonzalez, Sr. respectfully requests this Honorable Court to grant the requested relief in his Pretrial Motions.

Dated: June 4, 2018

Respectfully submitted,
 /s/ Patrick J. Best
Patrick J. Best, Esq.
Attorney for Defendant
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899